1    McGREGOR W. SCOTT
     United States Attorney
2    ROGER YANG
     Assistant United States Attorney
3    501 I Street, Suite 10-100
     Sacramento, CA 95814
4    Telephone:  (916) 554-2700
     Facsimile:   (916) 554-2900
5
     Attorneys for Plaintiff
6    United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              CASE NO.  2:18-CR-00151 MCE

12                          Plaintiff,      STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
                     v.                     FINDINGS AND ORDER
13
     FRANK ROBERT WINSLOW,                  DATE: December 10, 2020
14                                          TIME: 10:00 a.m.
                            Defendant.      COURT: Hon. Morrison C. England, Jr.
15

16
             This case is set for sentencing on December 10, 2020.  On May 13, 2020, this Court issued
17
     General Order 618, which suspends all jury trials in the Eastern District of California "until further
18
     notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18
19
     U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's
20
     judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after
21
     May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,
22
     were entered to address public health concerns related to COVID-19.
23
             Although the General Orders and declarations of emergency address the district-wide health
24
     concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision
25
     "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record
26

27
     _____
28           [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
     request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
     will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

     STIPULATION REGARDING EXCLUDABLE TIME              1
     PERIODS UNDER SPEEDY TRIAL ACT

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24       In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27

28       [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the sentencing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3  **STIPULATION**

4       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6       1.    By previous order, this matter was set for sentencing on December 10, 2020.

7       2.    By this stipulation, defendant now moves to continue the sentencing hearing until March

8  18, 2021, and to exclude time between December 10, 2020, and March 18, 2021, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10       3.    The parties agree and stipulate, and request that the Court find the following:

11            a)    This case is ready for sentencing.

12            b)    Counsel for defendant desires to have an in-person sentencing, with his family

13  present.  Because his family members are a vulnerable population, they cannot attend his

14  sentencing in-person at this time.

15            c)    Counsel for defendant believes that failure to grant the above-requested

16  continuance would deny him/her the reasonable time necessary for effective preparation, taking

17  into account the exercise of due diligence.

18            d)    The government does not object to the continuance.

19            e)    In addition to the public health concerns cited by the General Orders and

20  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

21  ends-of-justice delay is particularly apt in this case because the defendant prefers an in-person

22  sentencing and would like his family to be able to attend the sentencing.

23            f)    Based on the above-stated findings, the ends of justice served by continuing the

24  case as requested outweigh the interest of the public and the defendant in a trial within the

25  original date prescribed by the Speedy Trial Act.

26            g)    The parties recognize that the Speedy Trial Act does not apply because the

27  defendant has pleaded guilty, but to the extent necessary, the defendant stipulates that this delay

28  is reasonable and waives any challenge regarding the timing of his sentencing hearing. The

1    parties request that the Court find that the ends of justice served by taking such action outweigh

2    the best interest of the public and the defendant in a speedy trial.

3        4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

4    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

5    must commence.

6        IT IS SO STIPULATED.

7

8

9    Dated:  December 1, 2020                   McGREGOR W. SCOTT
                                                 United States Attorney

10

11                                              /s/ ROGER YANG
                                                ROGER YANG
                                                Assistant United States Attorney

12

13

14    Dated:  December 1, 2020                  /s/ David W. Dratman
                                                David W. Dratman
                                                Counsel for Defendant
15                                              FRANK ROBERT WINSLOW

16

17

18                      **FINDINGS AND ORDER**

19        IT IS SO ORDERED.

20

21    Dated:  December 7, 2020

22

23    _____
      MORRISON C. ENGLAND, JR
      SENIOR UNITED STATES DISTRICT JUDGE

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT